No. 59,080

STATE OF KANSAS, *Appellee*, v. THOMAS E. GRIFFEN,
a/k/a THOMAS E. GRIFFIN, *Appellant.*

(734 P.2d 1089)

Opinion filed March 27, 1987.

*Benjamin C. Wood,* chief appellate defender, argued the cause and was on the briefs for appellant.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Thomas E. Griffen appeals from his sentencing following a plea of guilty to one count of aggravated sexual battery (K.S.A. 1986 Supp. 21-3518). Griffen was originally charged with one count of aggravated kidnapping (K.S.A. 21-3421), two counts of aggravated criminal sodomy (K.S.A. 1986 Supp. 21-3506), two counts of rape (K.S.A. 1986 Supp. 21-3502), and one count of aggravated robbery (K.S.A. 21-3427). In a plea agreement the defendant pled guilty to a new charge of one count of aggravated sexual battery, and all other charges against him were dismissed. The defendant was sentenced to three to ten years and, following denial of a motion to modify the sentence, he appealed. Pursuant to K.S.A. 20-3018(c), this case was transferred to the Supreme Court.

The defendant asserts two issues on appeal: (1) Whether a defendant is entitled as a matter of right to a transcript of the hearing on a motion to modify sentence, and (2) whether the trial judge erred in failing to recuse himself at the time of sentencing. Griffen was sentenced on July 30, 1985, and thereafter filed a timely motion to modify the sentence which was heard on December 19, 1985, and subsequently denied. He has appealed from "his conviction and sentence." Griffen filed motions in the district court, the court of appeals, and in this court seeking a transcript of the hearing on the motion to modify the sentence. All three motions were denied.

At the outset, the State contends the notice of appeal is insufficient as it does not specifically state that the defendant is appealing from the trial court's ruling on the motion to modify sentence. We find the State's jurisdictional attack to be without merit. This Court is the final arbiter in determining whether statutory jurisdictional requirements have been met in any case

filed in the courts of Kansas. We have often recognized that jurisdiction in any action on appeal is dependent upon strict compliance with the statutes. However, when there is a valid controversy whether the statutory requirements have been complied with, we are required to construe those statutes liberally to assure justice in every proceeding. See K.S.A. 60-102 and K.S.A. 22-2103; *State v. Hill*, 211 Kan. 287, 294, 507 P.2d 342 (1973). There is no showing that the notice of appeal misled the State or that anyone was surprised or prejudiced by the issues on appeal. We conclude the notice of appeal was sufficient to vest jurisdiction in this court.

We now turn to defendant's argument that he was improperly denied a transcript of the hearing on the motion to modify sentence. K.S.A. 1986 Supp. 22-4509 provides:

"Whenever it is determined that a transcript of all or some part of the trial or other proceeding is necessary to enable a person who is entitled to appeal, or to pursue another post-conviction remedy, to present such person's cause adequately and it is further determined that the appellant or petitioner or movant is financially unable to pay for the preparation of such transcript, the district court shall order that the transcript be supplied to the appellant or petitioner or movant by the official reporter of the district court."

It should be noted that the statute requires that the court hearing a motion for a transcript must determine the defendant is indigent and that a transcript is necessary to adequately prepare the appeal. During oral argument we were advised that at the hearing on the motion for modification no evidence was produced and the hearing was limited to arguments of counsel. The right to a free transcript for indigent defendants is not absolute. In *Britt v. North Carolina*, 404 U.S. 226, 227, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971), the United States Supreme Court stated two factors which should be considered in determining the necessity for the transcript requested for appeal: (1) The value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same function as a transcript. Accord *State v. Hornbeak*, 221 Kan. 397, 559 P.2d 385 (1977).

Here, all that is included in the record is the order of the trial court denying the defendant's request for a transcript of the hearing on his motion to modify sentence. There is no indication

that defendant's trial counsel made known to the trial court why the transcript was needed. In his motion to the Supreme Court for the transcript, defendant's appellate counsel stated the transcript "is necessary for adequate preservation of the right to appeal a sentencing determination." There is absolutely no showing of any attempt by appellate counsel to determine what actually transpired at the hearing and no showing of why counsel feels the transcript is necessary. While *Britt* and *Hornbeak* made it clear that a particularized statement is not required, it is likewise clear the court must have some information upon which to determine the need for a free transcript. On this record, the request for a transcript appears to be nothing more than a fishing expedition by counsel and we find no error in the denial of the transcript.

Next, the defendant contends the trial judge should have recused himself when, in chambers prior to the sentencing hearing, the trial court referred to the defendant as a "mean mother." Terry Pullman, an attorney from the public defender's office, was sitting in for the defendant's regular attorney. As Pullman was not familiar with the case, the court, in an attempt to assist defense counsel, sought to summarize the findings of the presentence investigation report. In conveying the gist of that report the judge unfortunately utilized language which he himself subsequently acknowledged was inappropriate. At the start of the hearing on the record, defense counsel related what had taken place in chambers and moved for the judge to recuse himself and that the sentencing be done by another judge. The judge refused to recuse himself after explaining his position on the record. Following sentencing, the court explained the reasons behind the sentence and then commented on his prior off-the-record remarks stating:

"I apologize to all concerned that anybody within the sound of my voice for my use of an idiomatic expression which crops up frequently in criminal cases was used by me in attempting to summarize what I had gleaned from the Preliminary Hearing and from the presentence investigation and from the letters and from the Hearings. Judges are not supposed to use street terms, even in private conversations, but you can't take back words once uttered."

We agree with the trial judge that his in chambers remarks were ill-advised, should not have been said, and certainly are not to be

condoned. However, under the totality of the circumstances, we cannot say that the unfortunate remarks demonstrate such partiality, prejudice, or bias that the sentence should be set aside and the defendant resentenced by another judge. We also note that at no time has defendant made any attempt to comply with K.S.A. 1985 Supp. 20-311d(a).

In determining whether a judge should recuse himself, we held in *State v. Logan*, 236 Kan. 79, Syl. ¶ 5, 689 P.2d 778 (1984):

"Where the defendant in a criminal action contends the trial judge was biased and partial, the determination as to whether the defendant received a fair trial involves a two-part analysis: (1) Did the trial judge have a duty to recuse under the Code of Judicial Conduct? (2) If he did have a duty to recuse and failed to do so, was there a showing of actual bias or prejudice to warrant setting aside the judgment of the trial court?"

The standard to be applied to a charge of lack of impartiality is:

"whether the charge of lack of impartiality is grounded on facts that would create reasonable doubt concerning the judge's impartiality, *not* in the mind of the judge himself, or even, necessarily, in the mind of the litigant filing the motion, but rather in the mind of a reasonable person *with knowledge of all the circumstances.*" 236 Kan. at 86. (Emphasis added.)

Here the trial judge presided over the preliminary hearing and was aware of the plea bargain between the defendant and the State. The judge had reviewed the presentence investigation report to prepare for sentencing. In that report the defendant admitted he hit and bruised his common-law wife, the victim, and was reported to have said he ought to kill her or kidnap her as he had done in the past and make her his slave. In 46 Am. Jur. 2d, Judges § 170, it is stated:

"A judge's ordinary and natural reaction to the conduct of, or evidence developed about, a party in a case before him cannot create a disqualification for bias or prejudice. In the course of a criminal trial, for example, evidence as to a defendant's activities may incite natural disgust, but it could hardly be thought that a judge would be disqualified because he reacted as would anyone else."

See also *United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir.), *cert. denied* 429 U.S. 998 (1976) (what a judge learns in his judicial capacity from guilty pleas and pretrial proceedings is a proper basis for judicial observation and the use of that information will not result in disqualification); *King v. United States*, 434 F. Supp. 1141, 1145 (N.D. N.Y. 1977), *aff'd* 576 F.2d 432 (2d

Cir.), *cert. denied* 439 U.S. 850 (1978) (comments made at sentencing did not establish a personal bias against the defendant as comments were based entirely on evidence presented to court in its judicial capacity).

In *Wilks v. Israel*, 627 F.2d 32 (7th Cir. 1980), *cert. denied* 449 U.S. 1086 (1981), the defendant threw things at the judge during pretrial proceedings and at trial assaulted the judge. On the record, the judge called the defendant a coward and stated he was going to put him away. At a later time, however, the judge stated the defendant was just another defendant. On review the appellate court reviewed the entire record and noted it was the jury who had convicted the defendant. See *State v. Foy*, 227 Kan. 405, 412-13, 607 P.2d 481 (1980). Here, of course, the defendant pled guilty to a greatly reduced charge after an effective plea bargain.

After making the in-chambers comments, the trial judge was very courteous to all parties involved and allowed all interested persons to comment on an appropriate sentence for the defendant. The district attorney had recommended a sentence of 2 to 5 years, and the court services officer had recommended the maximum sentence. The 3- to 10-year sentence set by the trial court is within the statutory limits, K.S.A. 1986 Supp. 21-4501(d)(1). Under all of the existing circumstances, it cannot be said the sentence is the result of bias, prejudice, or corrupt motive.

The judgment and sentence of the district court is affirmed.