(894 P.2d 257)

Nos. 71,471
71,472

STATE OF KANSAS, *Appellee*, v. MATTHEW A. CLOTHIER,
*Appellant.*

—

Opinion
filed April 28, 1995.

*Thomas Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Peter G. Collins*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRAZIL, P.J., GERNON, J., and J. BYRON MEEKS, District Judge, assigned.

BRAZIL, J.: Matthew A. Clothier appeals the denial of his request for a change of judge and the denial of his motion to modify. We reverse and remand with directions.

Clothier pled guilty to one count of burglary, eight counts of felony theft, and one count of misdemeanor theft. The court suspended imposition of sentence for two years and placed Clothier in a community corrections program. He left the community corrections program and was arrested two weeks later.

Clothier then pled guilty to aggravated escape from custody. The court sentenced him to one to five years, revoked the prior

suspended sentence, and imposed sentences for those crimes. The combination of concurrent and consecutive terms resulted in a controlling sentence of 6 to 20 years.

Clothier filed a motion to modify his sentence and requested probation. The court denied the motion. Clothier filed a motion to review and reconsider the denial of the motion to modify. He also filed an affidavit requesting a change of judge. Judge Michael Corrigan denied the request. The trial court denied the motion to review and reconsider. Clothier appeals the denial of the motions to modify and change judge in 91 CR 2134 and 92 CR 2189. The cases have been consolidated on appeal.

Clothier argues that the district court erred in holding that the affidavit supporting his request for a change of judge was insufficient. The sufficiency of an affidavit filed pursuant to K.S.A. 20-311d is a matter of law over which this court has unlimited review. *Niblock v. State,* 11 Kan. App. 2d 30, 31, 711 P.2d 771 (1985), *rev. denied* 238 Kan. 878 (1986).

K.S.A. 20-311d(c) sets out the grounds upon which a request for change of judge may be granted:

"(c) Grounds which may be alleged as provided in subsection (b) for change of judge are that:

(1) The judge has been engaged as counsel in the action prior to the appointment or election as judge.

(2) The judge is otherwise interested in the action.

(3) The judge is related to either party to the action.

(4) The judge is a material witness in the action.

(5) The party or the party's attorney filing the affidavit has cause to believe and does believe that on account of the personal bias, prejudice or interest of the judge such party cannot obtain a fair and impartial trial or fair and impartial enforcement of post-judgment remedies. Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists."

Clothier filed an affidavit which stated:

"Prior to the hearings on March 8, 1993, Judge Watson made comments in chambers stating that this defendant has been coddled by other Judges because his dad works for the county and he is not going to let that happen anymore.

. . . .

"[On] June 29, 1993, prior to the hearing, Judge Watson made the comments in chambers that the defendant is going to be disappointed and that he has already decided he was not going to change the sentencing order of March 11,

1993. Further he stated that the defendant had been coddled. by the system because his dad was employed by Sedgwick County. . . .

"The defendant and his attorney do not believe he will be afforded a fair hearing scheduled for July 8, 1993 at 1:30 p.m. The grounds are that it is on account of the personal bias or prejudice of the Judge, pursuant to K.S.A. 20-311d(c)(5)."

The affidavit itself must contain facts and reasons which give fair support for the belief that, on account of the bias of the judge, the affiant cannot obtain a fair hearing. *State v. Goss*, 245 Kan. 189, 197, 777 P.2d 781 (1989). The reviewing judge passes only on the legal sufficiency of the affidavit and not on the truth of the facts alleged. *Hulme v. Woleslagel*, 208 Kan. 385, 389, 493 P. 2d 541 (1972).

Clothier first argues that the administrative judge erred in relying on *State v. Griffen*, 241 Kan. 68, 734 P.2d 1089 (1987), for the standard to be applied to a charge of lack of impartiality. In *Griffen*, the defendant asked the judge to recuse himself without following the change in judge procedure under K.S.A. 20-311d. 241 Kan. at 72. The *Griffen* court stated that in considering whether a judge lacks impartiality, the trial court must determine

" 'whether the charge of lack of impartiality is grounded on facts that would create reasonable doubt concerning the judge's impartiality, *not* in the mind of the judge himself, or even, necessarily, in the mind of the litigant filing the motion, but rather in the mind of a reasonable person with knowledge of all the circumstances.' " 241 Kan. at 72.

Although the defendant in *Griffen* failed to comply with K.S.A. 20-311d, the Kansas appellate courts have employed the *Griffen* standard in the context of a statutory request for a change in judge. See *State v. Strayer*, 242 Kan. 618, 625-26, 750 P.2d 390 (1988); *Grove v. Orkin Exterminating Co.*, 18 Kan. App. 2d 369, 377-78, 855 P.2d 968 (1992).

Clothier further complains that the judge erred in considering "circumstances of the case as presented by both counsel." Clothier argues that the administrative judge is limited to consideration of the affidavit itself to determine bias or prejudice. It is unclear what information was presented to Judge Corrigan apart from the affidavit since no record was made of the hearing on the legal sufficiency of the affidavit.

The language of *Griffen* indicates that the test of impartiality is what a reasonable person " 'with knowledge of all the circumstances' " would believe, based on the facts set out in the affidavit. 241 Kan. at 72. The phrase "knowledge of all the circumstances" suggests that the reviewing judge can consider information in addition to that contained in the affidavit. Given the fact that the judge's determination is limited to the legal sufficiency of the affidavit and not the truth of the facts alleged, it follows that the additional information considered by the judge should be limited to that purpose. For example, it might be helpful to consider the context in which certain remarks were made.

We must emphasize the importance of making a record of any information outside the affidavit considered by the reviewing judge in determining legal sufficiency. In this regard, the appellate court's review of an order determining legal sufficiency of a K.S.A. 20-311d affidavit can be compared to the review of an order determining whether an affidavit/application for a search warrant establishes probable cause. In the latter situation, the magistrate normally limits his or her consideration to the information within the affidavit. If additional matters are considered, a record must be made. This allows an appellate court the opportunity to consider the same information before the magistrate. We recommend that the reviewing judge considering the legal sufficiency of an affidavit filed pursuant to K.S.A. 20-311d follow the same procedure.

We now address the affidavit in this case. We, like a trial court, must assume for the purpose of determining legal sufficiency that the allegations are true.

The judge's remarks about coddling were made on March 8, 1993, prior to Clothier's sentencing. On June 29, 1993, in chambers prior to the hearing on Clothier's motion to modify, Judge Watson informed counsel that he had already decided he was not going to modify his original sentencing order. He again stated that Clothier had been coddled by the system because of his father.

Clothier's lengthy record was apparent in the presentence investigation report submitted to Judge Watson. Judge Watson

noted that the report indicated Clothier had not spent time in jail for his crimes which ranged from burglary, theft, and robbery as a juvenile to an assortment of adult convictions including battery, possession of marijuana, criminal damage to property, and driving while under the influence. However, neither Clothier's prior record nor anything contained in the record on appeal justifies Judge Watson's accusation that other judges had coddled Clothier because his father worked for the county. Not only is Judge Watson's remark not supported by the record, it is an unwarranted attack on the integrity and impartiality of his fellow judges.

The Supreme Court recently identified certain principles to guide the demeanor of trial judges:

" 'The trial judge should be the exemplar of dignity and impartiality. He should exercise restraint over his conduct and utterances. He should suppress his personal predilections, and control his temper and emotions. He should not permit any person in the courtroom to embroil him in conflict, and he should otherwise avoid conduct on his part which tends to demean the proceedings or to undermine his authority in the courtroom. When it becomes necessary during the trial for him to comment upon the conduct of witnesses, spectators, counsel, or others, or upon the testimony, he should do so in a firm, dignified, and refrained manner, avoiding repartee, limiting his comments and rulings to what is reasonably required for the orderly progress of the trial, and refraining from unnecessary disparagement of persons or issues.' " *State v. Plunkett*, 257 Kan. 135, 891 P.2d 370 (1995) (slip op. at 5) (quoting *State v. Hamilton*, 240 Kan. 539, Syl. ¶ 4, 731 P.2d 863 [1987]).

Judge Watson's remarks on both occasions would create a reasonable doubt concerning the judge's impartiality in the mind of a reasonable person. Further, by stating that he had already made up his mind, the judge, for all practical purposes, denied Clothier an opportunity to be heard on his motion to modify.

Judge Corrigan's order finding that Clothier's affidavit was legally insufficient is reversed, and the case is remanded for a hearing before a different judge on Clothier's motion to modify. For this reason, we will not address other issues on appeal.

Reversed and remanded with directions.