(958 P.2d 665)
No. 78,429

ROBERT W. HECKARD, *Appellant*, v. ANDREW MARTIN and STACY MARTIN, *Appellees.*

—

Opinion filed May 22, 1998.

*Robert W. Heckard*, appellant pro se.

No appearance by appellees.

Before KNUDSON, P.J., ELLIOTT and GERNON, JJ.

GERNON, J.: In this landlord-tenant dispute, Robert W. Heckard, the landlord, appeals from the amount of damages awarded to him.

Heckard filed a pro se brief. Andrew and Stacy Martin, the tenants, filed no brief at all. The parties apparently had a written lease agreement which was admitted before the trial court. However, the lease was not included in the record on appeal.

The Martins rented a duplex from Heckard and paid their rent on a timely basis for over 2 years. They stopped payment on a rental check in protest because Heckard had not fixed various problems in the duplex which they had brought to his attention for several months.

A standoff developed in which Heckard stated that he would not fix anything until the Martins paid the rent, and the Martins stated they would not pay the rent until Heckard fixed the problems.

Stacy Martin called Heckard and told him they were terminating the lease and would vacate in 30 days. Two days later, Heckard gave the Martins a 3-day notice to pay the rent or vacate.

Heckard then filed a forcible detainer action in limited actions court in Sedgwick County, seeking to evict the Martins for failure to pay rent and seeking possession of the premises. Heckard also requested holdover damages of $502.50 because of the Martins' failure to vacate the premises by November 20, 1996.

The court entered judgment in favor of Heckard in the amount of $332, plus costs. The court further found that no writ was necessary as the Martins had vacated the premises the day before. The court calculated the judgment based upon the 1 ½ months of past due rent, less the Martins' security deposit. The court specifically rejected Heckard's claim for a $10 late fee.

The district court also denied Heckard's request for holdover damages, finding that the Martins' action in remaining on the premises until December 15, 1996, was not willful. The court found that Heckard had violated his statutory duties as a landlord as set forth in K.S.A. 58-2553 by failing to address repairs that "materially affected the safety of his tenants." The court also noted that the Martins properly gave their 30-day notice prior to receiving Heckard's 3-day notice to vacate. Therefore, the court found the Martins' holdover was not willful.

Heckard first asserts the district court committed reversible error by not making written findings as required by K.S.A. 60-252(b).

Heckard chose to file this action under the Code of Civil Procedure for Limited Actions (CCPLA), K.S.A. 61-1601 *et seq.* The question becomes whether K.S.A. 60-252 applies in limited action cases. "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Although some provisions from Chapter 60 are incorporated into the CCPLA, the requirement of written findings of fact and conclusions of law in K.S.A. 60-252 is not one of the provisions so incorporated. See K.S.A. 61-1725. K.S.A. 61-1722, which controls the entry and form of judgments under Chapter 61, also does not require written findings of fact.

The district court did not err by failing to make written findings of fact.

Heckard next contends the district court was required to award him, as the landlord, holdover damages as provided in K.S.A. 58-2570(c). Heckard's arguments can be construed as challenging the district court's interpretation of "willful" as used in that section. This is a question of law, and our review is unlimited. See *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1.

K.S.A. 58-2570(c) provides, in pertinent part:

"If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession, and if the tenant's holdover is *willful and not in good faith* the landlord, in addition, *may* recover an amount not more than one and one-half (1-½) months' periodic rent or not more than one and one-half (1-½) times the actual damages sustained by the landlord, whichever is greater." (Emphasis added.)

The district court's decision must be affirmed if it is supported by substantial competent evidence. "Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion." *State v. Grady*, 258 Kan. 72, Syl. ¶ 2, 900 P.2d 227 (1995).

"When a verdict is challenged for insufficiency of evidence or as being contrary to the evidence, it is not the function of this court to weigh the evidence or pass on the credibility of the witnesses. If the evidence, with all reasonable inferences

to be drawn therefrom, when considered in the light most favorable to the prevailing party, supports the verdict, it will not be disturbed on appeal. [Citation omitted.]" *Cerretti v. Flint Hills Rural Electric Co-op Ass'n*, 251 Kan. 347, 361-62, 837 P.2d 330 (1992).

For purposes of civil actions, "willful conduct" has been defined as "[a]n act performed with a designed purpose or intent on the part of a person *to do wrong or to cause an injury to another*." (Emphasis added.) PIK Civ. 3d 103.04. It must be presumed that the legislature intended to use the term "willful" in K.S.A. 58-2570(c) based upon this longstanding, recognized definition of the term. Based upon this standard legal definition of "willful," the landlord must establish more than just an intentional act by the tenants; rather, the act must be done with the intent to injure or to do wrong.

We find nothing in the record before us to support Heckard's position. The Martins' acts were not intended to injure Heckard but, rather, as the trial court concluded, were an attempt to have conditions in the duplex, of which Heckard had been notified, corrected. The trial court's conclusion is supported by substantial competent evidence.

In his next issue on appeal, Heckard contends the district court erred in not awarding him $10 for a fee allegedly payable under the written rental agreement for late rental payments. Heckard argues that K.S.A. 58-2543(j) requires the district court to award the late fee as well as the unpaid rent. The district court intentionally refused to award Heckard the $10 late payment fee in its judgment.

The Residential Landlord and Tenant Act (RLTA), K.S.A. 58-2540 *et seq.*, defines "rent" as "all payments to be made to the landlord under the rental agreement, other than the security deposit." K.S.A. 58-2543(j). Heckard contends that since the written rental agreement provided for the late payment fee, it falls within the definition of "rent" which the landlord is entitled to recover in an action for nonpayment of rent. See K.S.A. 61-2309.

Based upon the language of K.S.A. 58-2543(j), late charges specifically set forth in the written rental agreement are recoverable

in a forcible detainer action unless the court finds the charges are unconscionable. See K.S.A. 58-2544.

Heckard's problem with this issue is that he did not ask for any late charges or other fees which might be addressed under the written agreement. The limited actions code requires the petition in a forcible detainer action to "set forth a statement of the amount the [landlord] claims to be due from the [tenant] as rent of said premises." K.S.A. 61-2305. In addition, as mentioned before, the written rental agreement is not in the record on appeal.

"An appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, an appellant's claim of alleged error fails." *Smith v. Printup*, 254 Kan. 315, Syl. ¶ 14, 866 P.2d 985 (1993). " 'Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal.' " 254 Kan. at 353 (quoting *Eisenhut v. Steadman*, 13 Kan. App. 2d 220, 223, 767 P.2d 293 [1989]).

We affirm the district court's denial of the $10 late charges.

Heckard also complains on appeal that the district court erred in reducing his judgment for past due rent by the $165 security deposit the Martins had originally given to him. Heckard argues that under the statute, he was entitled to up to 30 days after the Martins left the premises to conduct an inspection and notify them of any damages he was claiming against the deposit. Heckard also contests the court's offset when the Martins failed to file any form of pleading seeking return of the deposit or offset against the past-due rent.

Under the RLTA, "any security deposit held by the landlord may be applied to the payment of accrued rent and the amount of damages which the landlord has suffered by reason of the tenant's noncompliance with K.S.A. 58-2555 and the rental agreement." K.S.A. 58-2550(b). The statute allows the landlord up to 30 days after termination of the tenancy to determine whether any expenses or damages would be assessed against the security deposit and to provide the tenant with written notice of those expenses. K.S.A. 58-2550(b). The purpose of the security deposit was restated in *Burgess v. Stroud*, 17 Kan. App. 2d 560, 564, 840 P.2d 1206 (1992):

" ' "The security deposit serves the widely understood and accepted function of guaranteeing that the landlord will have a fund to draw upon in the event of a breach by the tenant causing actual damages by way of unpaid rent, waste, or some other breach. The availability of the fund is guaranteed by the landlord's possession of it." ' " (Quoting *Clark v. Walker*, 225 Kan. 359, 364, 590 P.2d 1043 [1979].)

We conclude that the trial court erred by not allowing Heckard the opportunity to inspect the property pursuant to K.S.A. 58-2550(b) and, therefore, reverse and remand for further proceedings consistent with K.S.A. 58-2550.

Last, Heckard claims judicial bias and requests reversal for that reason. Our standard of review is clear:

"Allegations of judicial misconduct during trial must be decided on the particular facts and circumstances surrounding such alleged misconduct. In order to warrant or require the granting of a new trial, it must affirmatively appear that the conduct was of such a nature that it prejudiced the substantial rights of the complaining party. A mere possibility of prejudice from a remark of the judge is not sufficient to overturn a verdict or judgment. If a proper and reasonable construction will render the remark unobjectionable, the remark is not prejudicial." *State v. Gadelkarim*, 256 Kan. 671, 677, 887 P.2d 88 (1994).

" ' "The trial judge should be the exemplar of dignity and impartiality. He should exercise restraint over his conduct and utterances. . . . When it becomes necessary during the trial for him to comment upon the conduct of witnesses, spectators, counsel, or others, or upon the testimony, he should do so in a firm, dignified, and refrained manner, avoiding repartee, limiting his comments and rulings to what is reasonably required for the orderly progress of the trial, and refraining from unnecessary disparagement of persons or issues." ' " *State v. Clothier*, 20 Kan. App. 2d 994, 998, 894 P.2d 257 (1995) (quoting *State v. Plunkett*, 257 Kan. 135, 137, 891 P.2d 370 [1995]).

"In the absence of circumstances which, of themselves, would tend to cast doubt upon the fairness of whatever judgment might be pronounced by the judge, the question of bias or prejudice or self-interest on his part rests largely within the conscience of the judge himself." *Flannery v. Flannery*, 203 Kan. 239, Syl. ¶ 3, 452 P.2d 846 (1969).

While the record does show a certain amount of impatience on the part of the trial judge, we conclude there is not a sufficient showing of bias to support Heckard's contention on this issue.

The district court's denial of holdover damages and the late charges is affirmed. This matter is reversed on the sole issue of the trial court's action in awarding the security deposit to the Martins

without giving Heckard the opportunity to inspect the premises. On remand, the trial court is instructed to award Heckard all fees provided for in the written lease unless contrary to law.

Affirmed in part, reversed and part, and remanded.