NOT DESIGNATED FOR PUBLICATION

No. 113,891

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY LEROY DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT and JAMES R. FLEETWOOD, judges. Opinion filed June 17, 2016. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: Anthony L. Davis appeals the district court's summary denial of his postconviction motion to request transcripts and his subsequent motion for reconsideration, arguing he is entitled to a copy of transcripts despite the fact that he did not have a postconviction motion before the district court. For the reasons stated below, we affirm.

In 1989, Davis was convicted of felony first-degree murder, aggravated arson, and aggravated robbery and was sentenced to a controlling term of life imprisonment. The

1

Kansas Supreme Court affirmed Davis' convictions on direct appeal. *State v. Davis*, 247 Kan. 566, 575, 802 P.2d 541 (1990). Thereafter, Davis unsuccessfully filed multiple postconviction motions challenging his conviction and sentence. See, *e.g.*, *State v. Davis*, 271 Kan. 892, 26 P.3d 681 (2001); *Davis v. State*, No. 99,288, 2009 WL 311817 (Kan. App.) (unpublished opinion), *rev. denied* 289 Kan. 1277 (2009); *Davis v. State*, No. 95,179, 2006 WL 3740850 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 930 (2007).

In April 2014, Davis filed a pro se motion requesting certain portions of his transcripts "for appeal purposes." In its response, the State argued the district court was not required to provide transcripts because Davis did not have an appeal or a postconviction motion pending. The State further stated its belief that Davis had received a copy of the transcripts when he pursued his direct appeal. The district court adopted the State's response as its findings of fact and conclusions of law and summarily denied Davis' motion. Davis then filed a pro se motion to reconsider, which the district court denied. Davis timely appeals.

*Proper notice of appeal*

Before addressing the merits, we address the State's preliminary challenge that Davis' appeal is not properly before this court. The State contends that Davis' notice of appeal references only the order denying his motion to reconsider, but his brief on appeal addresses the denial of his request for transcripts. We are not persuaded that we lack jurisdiction. In *State v. Wilkins*, 269 Kan. 256, 270, 7 P.3d 252 (2000) (relying on *State v. Griffen*, 241 Kan. 68, 69-70, 734 P.2d 1089 (1987), our Supreme Court stated:

> "Given that the notice of appeal 'should not be overly technical or detailed'; that the 'State does not generally take any significant action when receiving a notice of appeal'; that the typographical error in this case 'does not harm or even affect the State in

any appreciable way'; that the State has not shown surprise or prejudice; that this court is to construe K.S.A. 60-2103(b) liberally to assure justice in every proceeding; and that actions should be just, speedy, and inexpensively determined, we hold that the 'judgment of sentence' language found in Wilkins' notice of appeal sufficiently conferred jurisdiction on the Court of Appeals to determine the substantive issues raised in the robbery case."

The State has not shown that the notice of appeal was misleading or that anyone was surprised or prejudiced by the issue on appeal. Accordingly, we liberally construe the notice of appeal as sufficient to vest us with jurisdiction, preferring to address the issues on the merits.

*Request for transcripts*

On appeal, Davis argues the district court erred by denying his request for transcripts. He further contends he has a statutory right to obtain a copy of transcripts. Davis recognizes *State v. McKinney*, 10 Kan. App. 2d 459, Syl., 701 P.2d 701 (1985), holds to the contrary, but he argues that a later case, *Griffen*, 241 Kan. 68, requires the district court to provide him copies of the transcripts.

In reviewing a determination of whether an indigent litigant is entitled to free transcripts, we use the abuse of discretion standard. *State v. Brown*, 266 Kan. 563, 572, 973 P.2d 773 (1999). To the extent this case turns on matters of statutory interpretation, we have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

K.S.A. 22-4506(a) permits an indigent defendant to file either a petition for writ of habeas corpus or a K.S.A. 60-1507 motion and an indigency affidavit. For purposes of convenience, we will address those petitions and motions as "motions." The district court examines the motion and its supporting documentation to determine whether the motion presents substantial issues of law or fact and if the movant is indigent. If so, K.S.A. 22-

3

4506(b) requires the court to appoint counsel and supply the movant with a free transcript, if and to the extent a transcript is necessary to properly present the issues raised in the motion. Furthermore, K.S.A. 22-4509 provides:

"Whenever it is determined that a transcript of all or some part of the trial or other proceeding is necessary to enable a person who is entitled to appeal, or to pursue another post-conviction remedy, to present such person's cause adequately and it is further determined that the appellant or petitioner or movant is financially unable to pay for the preparation of such transcript, the district court shall order that the transcript be supplied to the appellant or petitioner or movant by the official reporter of the district court."

In *McKinney*, the Kansas Court of Appeals held that K.S.A. 22-4506 requires a prisoner to file either a petition or motion under K.S.A. 60-1501 or K.S.A. 60-1507 and an affidavit of indigency before the district can determine whether a free transcript should be ordered. Because McKinney failed to file either, we found the district court did not err in denying his motion for a free transcript. 10 Kan. App. 2d at 460. Our court has routinely followed this compelling practical approach. See, *e.g.*, *State v. Taylor*, No. 104,773, 2011 WL 4357834 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1113 (2012) (until a postconviction motion is filed, the district court was unable to determine whether a transcript was necessary to enable Taylor to obtain relief); *State v. Johnson*, No. 95,115, 2006 WL 3773722 (Kan. App. 2006) (unpublished opinion) ("Johnson's request for transcripts [was] nothing more than a fishing expedition."), *rev. denied* 283 Kan. 932 (2007).

Davis' reliance on *Griffen*, 241 Kan. 68, and *Britt v. North Carolina*, 404 U.S. 226, 92 S. Ct. 431, 30 L. Ed. 2d 400 (1971), is misplaced. Those cases are distinguishable because they examine an indigent defendant's right to a free transcript to prepare a trial defense or to perfect an appeal. Davis seeks a free transcript to prepare a future

postconviction motion, not to prepare a trial defense or to perfect an appeal, claiming the transcripts will permit him to file a more well-reasoned and well-documented motion.

The free transcript described in K.S.A. 22-4509 is predicated upon a determination that a transcript is necessary to enable Davis to obtain relief on his postconviction motion. Until a K.S.A. 60-1501 petition or K.S.A. 60-1507 motion is filed, the district court is unable to make that determination. Thus, the district court did not err in denying Davis' motion for a free transcript.

*Kansas Open Records Act*

Davis next argues that the district court erred in failing to liberally construe his motion as a request for documents under the Kansas Open Records Act (KORA), K.S.A. 45-215 *et seq.* Whether the district court correctly construed a pro se motion is a question of law over which this court has unlimited review. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

Davis raises this argument for the first time on appeal. His brief cites no authority supporting his argument that his motion should be construed as a KORA request. He argues only that we should either remand the case to the district court for review under KORA or grant his request because the State failed to show the documents were *not* subject to KORA. We decline this invitation, concluding that Davis has waived or abandoned his KORA argument. See *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) (points raised without supporting authority are waived or abandoned).
If Davis wishes to make a KORA request, he should follow the procedure set forth in K.S.A. 45-220.

Affirmed.

5