NOT DESIGNATED FOR PUBLICATION

No. 124,043

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANE LARON TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON GEIER, judge. Opinion filed August 26, 2022.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Dane Laron Taylor appeals the district court's summary denial of his
K.S.A. 60-1507 motion. On appeal, Taylor asserts that the court should have held an
evidentiary hearing on two of his claims that his trial counsel provided constitutionally
defective representation. After carefully reviewing the record and the parties' arguments,
we find that the district court did not err when it denied Taylor's motion and affirm its
decision.

1

In August 2016, a man with a gun entered a Topeka convenience store, took the cash-register till, and left. A K-9 handler with the Topeka Police Department responded and began tracking the man with his police dog. The dog led the officer down several streets and across a pedestrian footbridge to a car parked behind a house several blocks away from the store. Officers learned that the house belonged to Taylor's grandmother and that the car was registered to Taylor. Officers also found a till behind the house.

Police took the car to the law-enforcement center and arrested Taylor. Officers later obtained a warrant to search the car. Inside, they found a plastic bag containing vegetation (which later tested positive for THC) and a scale.

The State filed several charges against Taylor, and the court appointed attorney Joshua Luttrell to represent him. Following a trial, a jury found Taylor guilty of aggravated robbery, three counts of aggravated assault with a deadly weapon, criminal possession of a firearm, possession of THC with intent to distribute, and two counts of possession of drug paraphernalia. The court imposed a 122-month prison sentence. This court affirmed Taylor's convictions on appeal. *State v. Taylor*, No. 118,160, 2019 WL 405912 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). The appellate mandate issued in December 2019.

In September 2020, Taylor filed a K.S.A. 60-1507 motion claiming Luttrell provided constitutionally deficient representation. His motion included 13 ways this representation was allegedly deficient, such as not subpoenaing records concerning ownership of the car or investigating certain witnesses; not objecting to six statements the prosecutor made during voir dire, opening statements, and closing arguments; and failing to inform the court of a sleeping juror. He also claimed that his attorney should have objected to an alleged conflict of interest by the district judge or otherwise sought the

2

judge's recusal. And Taylor asserted that the attorney advised him not to testify, even though his testimony could have "filled in the blanks" for the jury. Taylor claimed that these choices by Luttrell, individually and in combination, deprived him of a fair trial.

After reviewing Taylor's motion, the district court determined these claims did not require an evidentiary hearing and summarily denied any relief. The court concluded Luttrell acted reasonably and any deficient performance did not undermine the jury's verdict. The court also noted that because Taylor did not list the names of witnesses who could support his allegations, the motion failed to substantially comply with the Judicial Council's K.S.A. 60-1507 form. Taylor appeals.

DISCUSSION

Taylor argues the district court erred in summarily denying his K.S.A. 60-1507 motion without an evidentiary hearing. In particular, he argues the court lacked sufficient information to resolve two of his claims—his claim alleging a judicial conflict of interest and his claim regarding his decision not to testify—without holding a hearing where Luttrell, his trial attorney, could testify. Taylor has not continued to pursue the other 11 claims in his motion. Accord *Cooke v. Gillespie*, 285 Kan. 748, Syl. ¶ 6, 176 P.3d 144 (2008) (issues not briefed are "deemed waived or abandoned").

K.S.A. 60-1507 provides a collateral vehicle for those convicted of crimes to challenge the fairness of the underlying proceedings. See K.S.A. 2021 Supp. 60-1507(a). A district court may address a K.S.A. 60-1507 motion in three ways, depending on its content. First, the court may summarily deny the motion without a hearing if the motion, files, and records from the case conclusively show the movant is not entitled to relief. Second, the court may order a preliminary hearing and appoint the movant counsel. Third, when "the motion and the files and records of the case" do not "conclusively show that the prisoner is entitled to no relief," the court must hold an evidentiary

3

hearing. K.S.A. 2021 Supp. 60-1507(b); see *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017).

When the court denies a K.S.A. 60-1507 motion without an evidentiary hearing—as the district court did here—the appellate court is in just as good a position as the district court to consider the motion's merits. We thus review the district court's rulings de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). And though we liberally construe pro se pleadings, a person filing a K.S.A. 60-1507 motion still must allege facts that warrant a hearing. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018). Conclusory allegations with no evidentiary basis in the record are not enough to carry the movant's burden. 307 Kan. at 304.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of an attorney. See U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A person asserting the denial of that right must show that his or her attorney's performance was constitutionally deficient, and that this deficiency prejudiced the person so much as to deprive him or her of a fair trial. 466 U.S. at 687; *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting the *Strickland* approach in Kansas).

An attorney provides deficient representation when his or her conduct was objectively unreasonable. *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 (2012). Courts are highly deferential when reviewing an attorney's performance and make every effort "'to eliminate the distorting effects of hindsight.'" 294 Kan. at 838. Accordingly, a strong presumption exists that the attorney performed reasonably. 294 Kan. at 838. Under the prejudice inquiry, a person must show "'a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.'" 294 Kan. at 838.

1. *Taylor has not shown that Luttrell provided ineffective assistance by not seeking Judge Parrish's recusal from the case.*

Taylor primarily argues the district court erred by not holding a hearing on why, despite his request, Luttrell did not object to the district court judge continuing to preside over his jury trial when the judge was acquainted with one of the witnesses. Some further background on this point is necessary to our discussion.

During Taylor's preliminary hearing, the district court judge—Judge Nancy Parrish—informed the parties that she recognized Azhane Griffin, one of the State's witnesses who was present during the robbery. The judge explained that she attended the same church as Griffin but that she did not know her well. Judge Parrish asked if this would create a problem, and both parties responded that it did not.

Griffin later testified at Taylor's jury trial, over which Judge Parrish presided. The jury found Taylor guilty of multiple crimes, including the aggravated robbery Griffin witnessed and testified about. Taylor now asserts that he instructed Luttrell to request Judge Parrish to recuse herself from the trial, given her acquaintance with Griffin. But Luttrell did not request the judge's recusal or otherwise object to the alleged conflict of interest.

A litigant may seek a judge's recusal under K.S.A. 20-311d(c), Rule 2.11 of the Kansas Code of Judicial Conduct, and the Fourteenth Amendment to the United States Constitution. *State v. Moyer*, 306 Kan. 342, Syl. ¶ 9, 410 P.3d 71 (2017). The Code of Judicial Conduct requires recusal if a judge's impartiality might reasonably be questioned, including when the judge has a personal bias or prejudice against a party or a party's attorney or when the judge has some other substantial interest in the case. Supreme Court Rule 601B, Canon 2, Rule 2.11(A)(1) (2022 Kan. S. Ct. R. at 501). If a circumstance arises that may require disqualification under Rule 2.11, the rule sets forth a procedure that a judge may follow—except when the judge has a personal bias against a

5

party or party's lawyer—to determine whether recusal is appropriate. Rule 2.11(C). If a party on appeal wishes to challenge a judge's decision not to recuse from a case, the party must demonstrate that the judge had a duty to recuse and that actual bias or prejudice warrants setting aside the conviction or sentence. *State v. Robinson*, 293 Kan. 1002, Syl. ¶ 19, 270 P.3d 1183 (2012); *State v. Griffen*, 241 Kan. 68, Syl. ¶ 4, 734 P.2d 1089 (1987).

Taylor's K.S.A. 60-1507 motion states that he asked Luttrell to seek Judge Parrish's recusal based on her relationship with Griffin, but Luttrell did not do so. Based on Judge Parrish's acquaintance with Griffin, Taylor asserts it would have been impossible for her to rule impartially in the case. He further claims that even if Judge Parrish could rule fairly, her acquaintance with Griffin created grounds to question her impartiality and violates the rules of judicial conduct. Thus, he asserts that Luttrell's decision not to request Judge Parrish's recusal was objectively unreasonable and, had Luttrell made such a request, a new judge may have been assigned and the verdict may have been different.

The district court found Taylor's allegation to be conclusory because he did not cite, and the record did not disclose, specific instances when Judge Parrish displayed partiality or bias. We agree with this assessment and reach a similar conclusion on appeal.

We note, as an initial matter, that Kansas courts have long recognized that a judge's acquaintance with a witness does not necessarily indicate a lack of impartiality. Indeed, "judges have had to try cases in which they were acquainted with one or both parties, the families of the parties, and with counsel of the parties since time immemorial." *Leverenz v. Leverenz*, 183 Kan. 79, 85, 325 P.2d 354 (1958). Recognizing this practical reality, Rule 2.11 only requires disqualification when a judge has a personal stake in the outcome of the case, personal bias against a litigant or attorney, or personal knowledge of the facts in dispute. Taylor has pointed to nothing in the record to

6

demonstrate any conflict of this nature. In short, Taylor has not shown that recusal was warranted or that a recusal request would have been successful. In these circumstances, we cannot say that Luttrell's decision not to seek Judge Parrish's recusal was unreasonable or deficient. See *Robinson*, 293 Kan. at 1032 (impartiality is assessed from the perspective of a reasonable person with knowledge of all of the circumstances).

But equally important here is Taylor's failure to demonstrate—beyond mere speculation—that the outcome of his *jury* trial would have been different if another *judge* had presided over those proceedings. Taylor cites no adverse decisions or rulings that stemmed from any bias. Nor has he pointed to any evidence that the jury—which convicted Taylor—was aware of Judge Parrish's acquaintance with the witness, as this relationship was only raised at the preliminary hearing. See, e.g., *Moyer*, 306 Kan. at 375 (where judge's son, a police officer, arrested defendant, no grounds existed for setting aside jury conviction when son did not testify and jury was unaware of relationship or son's involvement in case).

As such, the record and arguments do not show that Luttrell's decision not to seek Judge Parrish's recusal was constitutionally deficient, or that it affected the outcome of Taylor's trial in any way. Taylor points to no evidence that would be presented at a hearing that could change this conclusion. The district court did not err by summarily denying this claim in Taylor's K.S.A. 60-1507 motion.

2. *Luttrell did not prevent Taylor from testifying.*

Taylor also asserts that Luttrell provided ineffective assistance because he prevented Taylor from testifying at his trial. Again, our review of the record supports the district court's summary denial of Taylor's claim.

7

It is well established that a criminal defendant has a constitutional right to testify at his or her own trial. *State v. Anderson*, 294 Kan. 450, 465, 276 P.3d 200 (2012). Whether to exercise this right is one of the few decisions that rests solely with the defendant. See *State v. Brown*, 305 Kan. 413, Syl. ¶ 6, 382 P.3d 852 (2016).

The trial transcript reveals that after the State rested its case, Luttrell requested a recess to determine whether Taylor wanted to testify. Following this recess, Luttrell informed the court that he would not introduce any evidence.

In his K.S.A. 60-1507 motion, Taylor asserts Luttrell provided ineffective assistance by not allowing him to testify. Taylor goes on to explain that during the recess, he informed Luttrell that he wanted to testify. Luttrell advised against it, explaining the trial was going favorably for Taylor. Taylor ultimately followed this advice and did not testify. Taylor asserts in his K.S.A. 60-1507 motion that this course of action prejudiced him because had he testified, he could have "filled in the blanks of his story for the jury" instead of letting the prosecution control the narrative.

The district court found that this issue did not require an evidentiary hearing. It noted Luttrell did not prohibit Taylor from testifying; rather, Taylor acted on Luttrell's advice. Taylor presented no evidence that this advice was unreasonable, and the motion did not explain what specific information Taylor could have provided that would have aided the jury.

We agree with this assessment. As the district court noted, Taylor's explanation in his motion does not show that Luttrell prevented Taylor from testifying. Rather, it shows that Taylor chose not to testify based on Luttrell's advice. Though this advice influenced Taylor's decision, it did not deprive him of that choice. And Taylor neither explains how that advice was unreasonable nor discusses how his testimony could have changed the trial's outcome. The district court did not err when it summarily denied Taylor's claim.

To make the threshold showing necessary to warrant an evidentiary hearing under K.S.A. 60-1507, a movant cannot simply make conclusory statements. Instead, the movant must provide an evidentiary basis for his or her assertions. See *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007). Taylor's motion makes conclusory statements and lacks details that would warrant an evidentiary hearing. The district court did not err when it found that the motion, files, and records in this case conclusively show that Taylor is not entitled to relief. See K.S.A. 2021 Supp. 60-1507(b).

Affirmed.