(701 P.2d 701)
No. 56,980█

STATE OF KANSAS, *Appellee*, v. WILLIE MCKINNEY, *Appellant.*

Opinion filed April 4, 1985.

*Steven C. Sherwood*, of Wichita, for the appellant.

*Kimberly Gee Vines*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, P.J., PARKS and MEYER, JJ.

PARKS, J.: Defendant Willie McKinney appeals from the district court's denial of his pro se motion entitled "Motion for Transcripts."

At the hearing on the motion, despite defendant's failure to comply with Rule 183 (e) (232 Kan. clvi), the district court treated the motion both as a motion for transcripts and a motion for K.S.A. 60-1507 relief. The district court held there was no requirement that defendant be provided a transcript and that he was precluded from seeking post-conviction relief because he failed to raise his claim in his direct appeal.

Both the State and defense counsel contend that the district court should not have converted the motion for transcripts into a motion for relief under K.S.A. 60-1507. We agree. K.S.A. 60-1507 and Supreme Court Rule 183 state that *only the prisoner* has the right to seek collateral relief. Defendant's motion did not, in any respect, substantially comply with the form mandated by the rule. In addition, the only relief sought was the provision of transcripts to aid in the preparation of a K.S.A. 60-1507 motion. Therefore, we reverse the district court on this point and hold that should defendant desire to file a proper 60-1507 motion, it should be regarded as his first application for relief under this statute.

We next consider whether the district court erred in denying defendant's motion for trial transcripts.

K.S.A. 1984 Supp. 22-4506 requires a prisoner to file a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and an affidavit of indigency before a determination is made whether a transcript should be supplied. Having determined that a proper 60-1507 motion has not been filed in this case and since the defendant did not comply with K.S.A. 1984 Supp. 22-4506, the district court's denial of defendant's request for transcripts did not violate his constitutional rights. See *United States v. MacCollom*, 426 U.S. 317, 48 L.Ed.2d 666, 96 S.Ct. 2086 (1976).

Finally, defendant claims the district court erred in failing to appoint counsel for purposes of his motion for transcripts. Since defendant's motion was not properly before the court because he had not first filed a 60-1507 motion, this issue is moot. Furthermore, a point not raised before, nor presented to the trial court, will not be considered for the first time on appeal. *Lostutter v. Estate of Larkin*, 235 Kan. 154, 166, 679 P.2d 181 (1984).

The judgment of the district court denying the defendant's motion for transcripts is affirmed. The judgment of the district court to treat the motion as a motion for K.S.A. 60-1507 relief is reversed.