NOT DESIGNATED FOR PUBLICATION

No. 113,935

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES COCHRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed July 1, 2016.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MCANANY, P.J., HILL and BRUNS, JJ.

*Per Curiam:* By agreement, James Cochran pled no contest to three counts of
rape in 2013. He was sentenced to 332 months' imprisonment and a lifetime term of
supervised postrelease. He appealed his convictions and total sentence, but a panel of this
court affirmed in August 2014, and the Supreme Court denied review. *State v. Cochran*,
No. 110,019, 2014 WL 4080162 (Kan. App. 2014) (unpublished opinion), *rev. denied*
302 Kan. ___ (2015).

While that appeal was pending, Cochran filed a pro se motion with the district court for transcripts under K.S.A. 22-4509. In his motion, he argued that he needed the transcripts in order to pursue an appeal in federal court in case his state appeal failed. He contended that the short time restrictions on collateral appeals would be a burden and having the transcripts before the clock started running on the prospective federal appeal would help him. The State opposed the motion, noting that defense counsel already had copies of the transcripts and that Cochran was not entitled to an additional set. The State also argued that he was not entitled to transcripts for postconviction relief efforts. The district court summarily denied the motion, concluding that Cochran was not entitled to additional transcript copies, citing *State v. McCloud*, 257 Kan. 1, 891 P.2d 324 (1995).

Cochran renewed his motion, indicating that this court granted him leave to file a supplemental pro se brief after he filed the initial motion and appointed appellate counsel refused to provide him with transcript copies. He attached a copy of a letter from appointed counsel which indicated that transcript copies could not be made and that he would receive the transcripts when the appeal concluded. The district court summarily denied the motion, again citing *McCloud*. Cochran now brings this appeal.

He argues that K.S.A. 22-4509 does not require the existence of an active criminal appeal or collateral action in order for a criminal defendant to receive transcripts—it only requires his eligibility for such litigation. Cochran contends that the court erred in its interpretation of the statute and, as a result, erred in denying him transcripts while he is still entitled to pursue postconviction remedies. At the very least, he asks this court to remand to the district court in order for that court to make findings related to his eligibility for postconviction litigation, although he acknowledges that the reason for requesting the transcripts that he raised in his motion is moot following the close of his direct appeal.

2

He also argues that he was entitled to transcripts based solely on his indigent status and urges this court to recognize such an entitlement under *State v. Griffen*, 241 Kan. 68, 734 P.2d 1089 (1987), and *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S. Ct. 431, 30 L. Ed. 2d 400 (1971), rather than following a refusal of transcripts for the purpose of pursuing postconviction relief under *State v. McKinney,* 10 Kan. App. 2d 459, 701 P.2d 701 (1985). Finally, he argues that this court could liberally construe his motion as a document request under the Kansas Open Records Act and remand for consideration in that light, regardless of whether he could pay the fee required under the KORA.

This is a question of judicial discretion. See *State v. Brown,* 266 Kan. 563, 572, 973 P.2d 773 (1999). However, to the extent the issue turns on matters of statutory interpretation, we have unlimited review. *State v. Storey,* 286 Kan. 7, 9-10, 179 P.3d 1137 (2008).

Generally, issues not raised before a district court cannot be raised for the first time on appeal. *State v. Gaudina,* 284 Kan. 354, 372, 160 P.3d 854 (2007). Our Supreme Court has recognized three exceptions to the general rule, however, for both constitutional and nonconstitutional issues. See *Trotter v. State*, 288 Kan. 112, 124-25, 200 P.3d 1236 (2009). They are:  (1) The newly asserted claim involves only a question of law arising on undisputed facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. *State v. Ortega–Cadelan,* 287 Kan. 157, 159, 194 P.3d 1195 (2008).

The statute, K.S.A. 22-4509, requires some determination of necessity first:

> "Whenever *it is determined* that a transcript of all or some part of the trial or other proceeding *is necessary* to enable a person who is entitled to appeal, or to pursue another post-conviction remedy, to present such person's cause adequately and it is further

3

determined that the appellant or petitioner or movant is financially unable to pay for the preparation of such transcript, the district court shall order that the transcript be supplied to the appellant or petitioner or movant by the official reporter of the district court." (Emphasis added.)

In *McKinney,* 10 Kan. App. 2d at 460, a panel of this court held that K.S.A. 22-4506 requires a prisoner to file a K.S.A. 60-1501 petition or a K.S.A. 60-1507 motion and an affidavit of indigency before the court can determine whether a free transcript should be ordered. A defendant is not entitled to an additional copy of transcripts when a copy has already been provided to counsel. *State v. McCloud*, 257 Kan. at 17-18.

Cochran's reliance on *Griffen* and *Britt* is misplaced. Those cases deal with an indigent defendant's right to a free transcript to prepare a trial defense or to perfect an appeal, whereas Cochran seeks free transcripts in order to possibly pursue a motion under K.S.A. 60-1507 or federal collateral relief. See *Britt,* 404 U.S. at 227; *Griffen,* 241 Kan. at 70-71. Further, the transcript described in K.S.A. 22-4509 requires a determination that a transcript is necessary to enable Cochran to obtain relief through eligible litigation. Until that motion is filed, the district court cannot make that determination. Thus, the district court did not err in denying Cochran's motions for transcripts when no K.S.A. 60-1507 motion was pending. See *McKinney,* 10 Kan. App. 2d at 460.

We note that Cochran's direct appeal counsel already had copies of the transcripts provided by the district court. Our Supreme Court has held that a defendant is not entitled to a separate copy of the transcripts in addition to the copy provided for counsel. See *McCloud*, 257 Kan. at 17-18. Accordingly, there was no issue of statutory interpretation as Cochran contends. Instead, the district court recognized and correctly applied Supreme Court precedent—although Cochran was entitled to one copy of transcripts at the State's expense, he was not entitled to an additional copy once counsel had been provided with

4

the transcripts. See *McCloud*, 257 Kan. at 17-18. As such, the district court did not err and there is no need to remand for additional factfinding.

Finally, although Cochran asks us to liberally construe his K.S.A. 22-4509 motion as a request for access under the KORA, no amount of liberal construction can alter the unambiguous reality of Cochran's filings. See *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). His motions for transcripts explicitly cited K.S.A. 22-4509 and discussed his claimed entitlement to the transcripts under the terms of the statute. Thus, there is no basis for construing his motions as requests under the KORA, and we affirm.

Affirmed.