NOT DESIGNATED FOR PUBLICATION

No. 121,678

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUNG Q. TRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed September 4, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: Dung Tran appeals the denial of his fourth pro se motion seeking transcripts, court records, and discovery materials from his criminal case without cost. The district court denied the motion based on the doctrine of res judicata. Upon our review of the district court's ruling, the appellate briefs, and the record on appeal, we find no error and affirm the district court's summary ruling.

1

In 2015, a jury convicted Tran of four counts of aggravated assault, two counts of aggravated endangering of a child, two counts of criminal damage to property, and one count of aggravated robbery. He was sentenced to 287 months in prison. Tran appealed his convictions, challenging the jury instructions, the State's amendment of the property damage count, and the sufficiency of the evidence. See *State v. Tran*, No. 116,300, 2018 WL 911418, at *1 (Kan. App. 2018) (unpublished opinion).

On November 17, 2016, Tran filed his first pro se "Motion for Transcripts (Pursuant to K.S.A. 22-4509)." In response, the district court summarily denied the motion finding that it was moot because Tran's case was on appeal and his appointed appellate defender had requested the transcripts to prepare Tran's appeal. Tran did not appeal the adverse ruling.

More than a year later, on May 2, 2018, Tran filed a second pro se "Motion for Transcripts and Discovery." The district court again summarily denied the motion finding: "[Defendant's] pro se motion is moot. [Defendant's] request for transcripts has previously been made by appointed appellate counsel and provided to counsel for appeal purposes. Transcripts are part of [Defendant's] appellate record." Once again, Tran did not appeal.

On February 16, 2018, our court affirmed Tran's convictions as a result of his direct appeal. 2018 WL 911418, at *5. After our court affirmed Tran's convictions, Tran filed a third pro se motion for transcripts and discovery materials on February 15, 2019. The following month, the district court summarily denied Tran's motion on its merits. The district court ruled:

"After review of [Defendant's] pro se motion (filed 2-15-19) for transcript and State's written Response, the motion is summarily denied. [Defendant's] motion fails to present any substantial questions of law or fact. [Defendant's] appeal [was] denied by [the Kansas Court] of Appeals and [the] petition for review [was] denied. [Defendant is] not entitled to transcript (free) which is part of district court record and/or record on appeal per [*United States*] *v. MacCollum*, 426 U.S. 317[, 96 S. Ct. 2086, 48 L. Ed. 2d 666 [1976]. [Defendant is] also not entitled to free discovery per statute in postconviction [proceedings]."

Tran did not appeal.

About three months later, on May 8, 2019, Tran filed his fourth pro se motion—which is the subject of this appeal—entitled "Motion/Petition for Transcripts, Court Records and Discovery." In his fourth motion, Tran asserted that he was

"in need of the following *Transcripts, court records and discovery* to [pursue] post-conviction remedies to review to determine if there is a cause of action of merit that can be brought forthwith and to adequately present his cause of action to try and obtain relief through and pursuant to in part K.S.A. 60-1507; K.S.A. 60-1501; and/or any other post-conviction remedy that may be available."

In an order dated May 24, 2019, the district court ruled that "[a]fter review of [Defendant's] fourth pro se motion and State's written Response, the motion is denied without a hearing as res judicata with reference to court's prior rulings on [the three prior motions]." Tran timely appeals.

ANALYSIS

On appeal of the denial of Tran's fourth pro se motion, he contends the district court abused its discretion by denying his request for transcripts, court records, and discovery without cost because he made a proper showing of need, together with proving

the transcripts were "necessary for him to adequately prepare and pursue a post-conviction remedy." For its part, the State presents several arguments. It argues that Tran has waived or abandoned the right to appeal from the district court's ruling, the district court properly invoked the doctrine of res judicata, and even if res judicata did not bar the claim, Tran is still not entitled to relief.

At the outset, Tran's appellant brief addresses the merits of why he should receive the materials he requested in his fourth motion. But the district court did not rule on the *merits* of Tran's motion in summarily denying it. Instead, the district court summarily denied the motion based on the doctrine of res judicata. Res judicata is a Latin phrase meaning "a thing adjudicated." Black's Law Dictionary 1567 (11th ed. 2019). As argued by the State, Tran does not acknowledge that he unsuccessfully filed three prior motions seeking the same materials he is now seeking in his fourth motion. Nor does Tran acknowledge the district court's ruling denying the fourth motion was based on grounds of res judicata.

As the party claiming the district court erred, Tran had the burden of designating a record that affirmatively shows prejudicial error in the district court's ruling. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). Here, the district court's ruling was predicated on res judicata, not on an examination of the merits of the issue. Yet, Tran does not favor us with an argument that the district court's refusal to once again reconsider the same issue of obtaining free transcripts and materials was somehow erroneous. Without such a record, our court presumes the ruling of the district court was proper. 307 Kan. at 43.

Relying on the general rule that issues not briefed are waived and abandoned, Kansas courts have found that an appellant's failure to address the district court's procedural basis for its ruling and merely addressing the merits of the underlying issue is a reason to deny appellate review. A good example of this legal proposition is found in

*State v. Portsche*, No. 113,648, 2017 WL 129890 (Kan. App. 2017) (unpublished opinion). In *Portsche*, our court found:

> "Although the district court denied Portsche's motion based on the procedural grounds that Portsche waived his right to contest the felony DUI classification by waiving the preliminary hearing, Portsche does not assert or brief that this procedural ruling was in error or that [*State v.*] *Tims*[, 49 Kan. App. 2d 845, 849, 319 P.3d 115 (2014)] does not control this issue. Rather, in his appellant's brief, Portsche simply ignores the procedural basis for the district court's ruling and only discusses the propriety of the merits of his argument regarding the inadmissibility of the documents proving his two prior DUI convictions.
>
> "In short, Portsche has not briefed the basis for why the district court's procedural ruling was in error. He has simply disregarded this ruling and ignored the fact that, as a consequence, there was no reason for the district court to address the merits of his argument. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013). By not briefing why the district court's procedural ruling was in error, Portsche has waived and abandoned his first issue on appeal." 2017 WL 129890, at *2-3.

See *State v. Denney*, No. 110,336, 2015 WL 326432, at *8 (Kan. App. 2015) (unpublished opinion); *Terra-Bentley II, L.L.C. v. Village of Overland Pointe, L.L.C.*, No. 101,957, 2014 WL 2619372, at *6-7 (Kan. App. 2014) (unpublished opinion).

In a related context, this legal proposition is also shown in those cases where a district court provides alternative grounds upon which it based its ruling and the appellant appeals to an appellate court based on only one of the alternative grounds. In these circumstances, we follow the legal maxim that when a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of *both* alternative bases on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013).

5

We hold that because Tran has not claimed or briefed error regarding the district court's ruling based on res judicata, he has waived or abandoned this issue. Accordingly, the district court's summary denial of transcripts, court records, and discovery materials without cost based on the doctrine of res judicata was not error.

Although Tran has not challenged the district court's res judicata ruling, for the sake of completeness we will review whether the district court properly invoked the doctrine of res judicata in denying Tran's fourth motion.

Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise unlimited review. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). Courts will invoke res judicata to bar a successive lawsuit when four requirements are met: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015).

In denying Tran's first and second motions for transcripts and materials, the district court found Tran's motions to be moot because his direct appeal was pending. As a result, these cases were not decided on the merits as required by the fourth element of the res judicata doctrine. See *Cain*, 302 Kan. at 434.

In denying Tran's third motion for transcripts, however, the district court considered the merits of the issue and found the motion "fail[ed] to present any substantial questions of law or fact." The district court held that Tran was not entitled to free transcripts and materials in accordance with Kansas statutes and the United States Supreme Court decision in *United States v. MacCollum*, 426 U.S. 317, 96 S. Ct. 2086, 48 L. Ed. 2d 666 (1976).

In the district court's ruling on the fourth motion—the ruling before us on appeal—were the four elements of the res judicata doctrine satisfied? We are persuaded that all four elements were met in this case. The claim in the fourth motion involved the same claim as the prior motions (request for free transcripts and materials), the same parties (the State and Tran), the claims were previously made, and the district court's ruling in response to Tran's third motion was an adverse decision on the merits. Moreover, Tran did not appeal, making this ruling a final judgment on the subject matter of the third motion.

Given that all four elements of the res judicata doctrine were met, we find no error in the district court's summary denial of Tran's fourth motion based on res judicata. See *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) ("The identical issue in the present appeal was raised previously at least six times—once in a K.S.A. 60-1507 motion and in five motions to correct an illegal sentence, two of which were categorically denied by the district court as having been resolved by Martin's 1987 direct appeal. Martin's current claim is barred by the doctrine of res judicata.").

We pause to note that despite the propriety of the district court's res judicata ruling, we also find that Tran's fourth motion could have been properly denied on the merits just as the court denied his third motion on the merits.

Our court analyzes whether a defendant is entitled to transcripts without cost using an abuse of discretion standard. *State v. Brown*, 266 Kan. 563, 572, 973 P.2d 773 (1999). Relying on *MacCollum* and Kansas statutes, our court has found K.S.A. 22-4506(b) "requires a prisoner to file a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and an affidavit of indigency before a determination is made whether a transcript should be supplied." *State v. McKinney*, 10 Kan. App. 2d 459, 460, 701 P.2d 701 (1985).

In this case, however, Tran did not file a K.S.A. 60-1507 motion but requested the transcript and materials in order "to review *to determine if there is a cause of action* of merit that can be brought forthwith." (Emphasis added.) See *State v. Cochran*, No. 113,935, 2016 WL 3597606, at *2 (Kan. App. 2016) (unpublished opinion) ("[T]he transcript described in K.S.A. 22-4509 requires a determination that a transcript is necessary to enable Cochran to obtain relief through eligible litigation. Until that motion is filed, the district court cannot make that determination. Thus, the district court did not err in denying Cochran's motions for transcripts when no K.S.A. 60-1507 motion was pending.").

Additionally, Kansas courts have consistently held that a defendant's right to transcripts without cost under K.S.A. 22-4506(b) is satisfied when a copy is provided to an indigent defendant's counsel. *State v. McCloud*, 257 Kan. 1, 17-18, 891 P.2d 324 (1995); see also *State v. Brown*, No. 115,372, 2017 WL 3001349, at *2 (Kan. App. 2017) (unpublished opinion) (finding defendant was not entitled to copy of transcripts without cost because counsel had access to transcripts and defendant failed to show conflict of interest).

In the present case, Tran's appellate counsel for his direct appeal had copies of the trial transcripts and other materials in order to prosecute the direct appeal. In this proceeding on appeal, Tran's appellate counsel candidly concedes that she has in her possession 15 volumes of PDF transcripts totaling 1528 pages. We are persuaded that the district court was not required to provide Tran with transcripts and materials without cost because he had not filed a K.S.A. 60-1507 motion and a digital copy of the transcripts had been provided to his appellate counsel.

Finally, with reference to Tran's request for copies of all discovery materials without cost, Kansas statutes providing for discovery ordinarily apply to *pretrial* proceedings. See K.S.A. 2019 Supp. 22-3212 and K.S.A. 2019 Supp.22-3213. Tran does

not point us to any statutory authority that would mandate providing inmates copies of pretrial discovery at no cost where there is no postconviction writ of habeas corpus petition or K.S.A. 60-1507 motion on file with the district court.

Affirmed.