NOT DESIGNATED FOR PUBLICATION

No. 121,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN B. KOOP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed November 25, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and STANDRIDGE, JJ.

PER CURIAM: John B. Koop appeals a judgment of the district court denying his motion for transcripts and court records. We are faced with a classic case of putting the cart before the horse. This common proverb is often used to describe a situation when something is done contrary to an expected order. Because Koop failed to follow the expected order of things, we affirm.

In 2016, a jury convicted Koop of attempted second-degree murder, in violation of K.S.A. 2014 Supp. 21-5301(a),(c)(1) and K.S.A. 2014 Supp. 21-5403(a)(1), and

1

aggravated battery, in violation of K.S.A. 2014 Supp. 21-5413(b)(1)(B),(g)(2)(B). The district court sentenced Koop to 260 months in prison, followed by 12 months of postrelease supervision. On appeal, this court affirmed in *State v. Koop*, No. 117,134, 2018 WL 3080690 (Kan. App. 2018) (unpublished opinion).

About two months after this court's mandate, Koop moved the district court for transcripts and court records under K.S.A. 22-4509. The district court denied Koop's motion, ruling that Koop failed to present a substantial question of law or fact and that he was not entitled to a free copy of his transcripts.

Koop timely appeals.

*Did the District Court Err by Denying Koop's Motion for Transcripts?*

On appeal of the denial of Koop's pro se motion, he contends that the district court abused its discretion by denying his request for transcripts and court records. Koop argues that he made a proper showing of need, that is, that the transcripts were "necessary for him to adequately prepare and pursue a postconviction remedy." The State correctly responds that a defendant is only entitled to transcripts under K.S.A. 22-4506 and K.S.A. 22-4509 if the defendant has filed a K.S.A. 60-1507 motion. Since Koop has not filed such a 60-1507 motion, the State correctly argues that he is not entitled to free transcripts.

Appellate courts analyze whether a defendant is entitled to transcripts without cost using an abuse of discretion standard. *State v. Brown*, 266 Kan. 563, 572, 973 P.2d 773 (1999). K.S.A. 22-4506(b) requires a prisoner to file a petition for writ of habeas corpus under K.S.A. 60-1501 or a motion attacking sentence under K.S.A. 60-1507 and an affidavit of indigency before a determination is made on whether a transcript should be supplied. *State v. McKinney*, 10 Kan. App. 2d 459, 460, 701 P.2d 701 (1985).

Here, Koop did not file a K.S.A. 60-1507 motion but requested the transcripts and materials, stating the following: "Petitioner is in need of the following transcripts to pursue post-conviction remedys [sic], and to adequately present his cause." See *State v. Tran*, No. 121,678, 2020 WL 5268226, at *4 (Kan. App. 2020) (unpublished opinion) (holding that a district court does not err in denying transcripts to pursue K.S.A. 60-1507 relief if no 60-1507 motion is filed), *petition for rev. filed* October 5, 2020.

On that dispositive issue, Koop acknowledges that, without a K.S.A. 60-1507 motion on file, he could not meet the requirement to show that the transcripts are necessary to present his case adequately. Without describing how the transcripts would support his motion, Koop makes only vague, conclusory requests, which this court has frequently rejected as mere "fishing expeditions." *State v. Madlock*, No. 117,264, 2018 WL 2999623, at *6 (Kan. App. 2018) (unpublished opinion) (quoting *State v. Griffen*, 241 Kan. 68, 71, 734 P.2d 1089 [1987]), *rev. denied* 309 Kan. 1352 (2019). Koop thus concedes that this court's precedent would require him to file a K.S.A. 60-1507 motion to be eligible for transcripts without cost.

But Koop contends that this requirement is problematic. Koop notes that, in his K.S.A. 60-1507 motion, he would have the burden of showing that the motion warrants an evidentiary hearing, thus, requiring him to state an evidentiary basis in support of his claims. Koop asserts a Catch-22, stating that he first needs the transcripts to present the required substantial questions of law or fact in a K.S.A. 60-1507 motion, before he could gain access to free transcripts. Koop claims the following: "Experienced attorneys and judges at all levels are aware that constitutional issues warranting a new trial might be revealed only through a careful combing of the record, particularly a defendant's jury trial transcripts." Koop, however, fails to provide a citation which supports his claims. Issues not adequately briefed are deemed waived or abandoned. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

3

Koop also makes an assertion related to a change in K.S.A. 60-1507 motion time limits. Koop correctly anticipates the State's argument that Koop's counsel on direct appeal received the transcripts and so Koop is not entitled to an additional copy, citing *State v. McCloud*, 257 Kan. 1, Syl. ¶ 10, 891 P.2d 324 (1995). Koop also correctly anticipates the State's citation to *McKinney*, 10 Kan. App. 2d 459. The *McKinney* holding would show that Koop is not entitled to a transcript because he has not filed a proper K.S.A. 60-1507 motion. Koop's response to the State's arguments is that *McCloud* and *McKinney* were decided before the 2003 amendments shortened the time limit for filing a K.S.A. 60-1507 motion from three years down to one year. But Koop does not explain how or why a shorter time limit for filing such a motion would change whether a movant is entitled to free transcripts. Issues not adequately briefed are deemed waived or abandoned. *Salary*, 309 Kan. at 481.

Finally, Koop leaves the record and legal precedent behind to talk directly about the real-world logistics of obtaining copies of the record. He repeatedly mentions the cost of $355 estimated by the court reporter to reproduce the transcript. His brief mentions that 10 volumes, totaling 841 pages, would be more than counsel could reasonably be expected to provide from her own printer. His brief also states that counsel is unaware of any method by which she can provide Koop with digital transcripts. The State responds, stating the following: "While current appellate counsel goes beyond the record to complain about the burden of sharing the requested information with defendant, that matter is not properly before this Court, and has no bearing on the instant appeal." We agree. In short, Koop's arguments are irrelevant and unpersuasive. Thus, we conclude that the district court properly ruled that Koop is not entitled to free transcripts.

For the preceding reasons, we affirm the district court.

Affirmed.