NOT DESIGNATED FOR PUBLICATION

No. 125,532

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW J. HOLLENBECK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Submitted without oral argument. Opinion filed November 9, 2023. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: The district court has three options to consider after a K.S.A. 60-1507 motion has been filed. Here, the district court exercised one of those options and summarily denied the motion. Matthew J. Hollenbeck now timely appeals and asserts the district court erred by not granting him an evidentiary hearing on his claims of ineffective assistance of appointed and retained counsel. Our extensive review of the record reflects the district court did not err. Accordingly, we affirm.

1

In September 2016, Hollenbeck pled guilty to one count of aggravated indecent liberties with a child in violation of K.S.A. 2013 Supp. 21-5506(b)(3)(A), for acts committed in May 2014. In exchange for Hollenbeck's plea, the State agreed to dismiss two counts of aggravated indecent liberties with a child and one count of violation of a protective order.

Hollenbeck then filed a pro se presentence motion to withdraw plea. Hollenbeck alleged his retained counsel and his appointed counsel both failed to provide competent representation; he was coerced into accepting the plea; and his plea was not fairly and understandingly made. The district court denied Hollenbeck's motion to withdraw plea after a hearing. Hollenbeck appealed, and a panel of this court affirmed the district court's denial. *State v. Hollenbeck*, No. 117,720, 2018 WL 4374264, at *1 (Kan. App. 2018) (unpublished opinion). Our Supreme Court denied review on February 28, 2019.

In May 2019, Hollenbeck filed a pro se motion for discovery. Hollenbeck requested transcripts of every hearing in his case; copies of any plea offers; any recorded statements from the victim, witnesses, or law enforcement; and any reports from any physical or mental examinations in connection with his case. The district court denied Hollenbeck's motion as Hollenbeck had not filed a K.S.A. 60-1507 motion for postconviction relief and was not entitled to free transcripts. The court further noted Hollenbeck could try to obtain the requested information from the various custodians at his expense.

Hollenbeck then timely filed a pro se K.S.A. 60-1507 motion in February 2020. Hollenbeck claimed "several unethical and illegal actions" were taken by both attorneys which prejudiced him. Specifically, Hollenbeck alleged ineffective assistance of both counsel and his plea was not voluntarily made because, among other things, the State

threatened his wife at the time (the victim's mother) and he felt he had no option but to plead.

Hollenbeck contended he was never offered any transcripts or discovery by his attorneys and his right to pursue postconviction remedies was hindered. Hollenbeck provided a lengthy list of conclusory allegations related to each attorney.

Hollenbeck claimed retained counsel:

- was incompetent;
- failed to effectively communicate with Hollenbeck;
- lacked diligence in his representation of Hollenbeck;
- never requested an expert witness on Hollenbeck's behalf;
- failed to pursue defense strategies;
- only pursued a plea of guilty and refused to render assistance beyond the plea;
- never investigated Hollenbeck's accounts with respect to the allegations;
- never produced discovery or evidence to Hollenbeck;
- only met with Hollenbeck approximately five times and then left Hollenbeck "at the mercy of the Public Defenders office"; and
- lacked knowledge or was unwilling to provide effective assistance.

Hollenbeck claimed appointed counsel:

- adopted the State's theory of events and failed to challenge the State;
- failed to believe Hollenbeck;
- harbored animosity toward Hollenbeck and Hollenbeck's unwillingness to abandon his innocence;
- refused to accept Hollenbeck's alibi defense;

- failed to investigate details Hollenbeck provided during visits;

- made a statement about the victim's credibility;

- wanted Hollenbeck to admit to the crime and try to get a departure sentence;

- failed to discuss a defense strategy and only discussed plea details;

- failed to explain why certain evidence would not be permitted;

- confused Hollenbeck by mentioning the case would require character evidence, which Hollenbeck believed would prove his innocence;

- never contacted law enforcement to verify Hollenbeck's whereabouts at the time of the alleged crimes; and

- suggested Hollenbeck would have to prove he was dead to support his alibi.

Hollenbeck requested an evidentiary hearing and appointment of effective counsel. In response, the State asserted Hollenbeck failed to meet his burden to allege facts sufficient to warrant an evidentiary hearing. The State asked the district court to take judicial notice of the case file and rule without holding an evidentiary hearing or appointing counsel. The State explained Hollenbeck was not entitled to transcripts to pursue a postconviction remedy under *State v. McKinney*, 10 Kan. App. 2d 459, 701 P.2d 701 (1985), and failed to pursue other avenues to obtain transcripts. The State also asserted Hollenbeck was free to request discovery from various custodians of the information and pay the fees associated with retrieval of the documents, but the State had no duty to provide postconviction discovery. Hollenbeck made no showing he tried to obtain the discovery in another manner. The State pointed out Hollenbeck's claims of ineffective assistance of counsel were not supported by evidence; he failed to establish either counsel performed below an objective standard of reasonableness; and he failed to establish prejudice. The State also asserted Hollenbeck was barred from raising a claim his plea was not voluntary under the doctrine of res judicata.

The district court summarily denied Hollenbeck's motion, finding Hollenbeck had competent counsel and neither attorney's performance fell below an objective standard of reasonableness that caused Hollenbeck prejudice. The district court further found Hollenbeck's contentions alleging both attorneys violated their obligations under the Kansas Rules of Professional Conduct (KRPC) (2023 Kan. S. Ct. R. at 319) and any laws or responsibilities had no basis. Finally, the district court noted Hollenbeck directly appealed his conviction where he unsuccessfully raised the voluntariness of his plea; thus, Hollenbeck was barred from raising the issue again under the doctrine of res judicata.

ANALYSIS

Hollenbeck asserts the district court erred in summarily denying his K.S.A. 60-1507 motion and asks us to remand to the district court for an evidentiary hearing. He argues both counsel were ineffective in representing him, primarily contending his retained counsel was ineffective in failing to provide him with discovery and transcripts to pursue postconviction relief and appointed counsel was ineffective for failing to investigate the case and contact potential witnesses.

The State responds that the motion, files, and records of the case conclusively show Hollenbeck is not entitled to relief. The State argues Hollenbeck failed to provide authority or facts establishing either counsel was ineffective and failed to establish prejudice.

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the [movant] is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in

5

which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

The district court here exercised the first option and determined the motion, files, and case records conclusively showed Hollenbeck was not entitled to relief. When the district court summarily denies a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Hollenbeck, as the movant, bears the burden to establish his K.S.A. 60-1507 motion warrants an evidentiary hearing by alleging more than conclusory contentions. *Noyce v. State*, 310 Kan. 394, 398, 447 P.3d 355 (2019).

A district court must set aside a movant's conviction if "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2022 Supp. 60-1507(b). The right to *effective* counsel is embodied in the Sixth Amendment to the United States Constitution and "plays a crucial role in the adversarial system." *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985) (adopting *Strickland*).

"To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

There is a strong presumption counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689. "When . . . the conduct at issue preceded a guilty plea, prejudice means a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea." *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021). Hollenbeck must show counsel's representation fell below an objective standard of reasonableness viewed at the time of counsel's conduct. *Strickland*, 466 U.S. at 687-88, 690.

*Retained Counsel*

Hollenbeck contends retained counsel was ineffective for failing to communicate and diligently represent Hollenbeck, actively pursue defense strategies, and provide Hollenbeck with discovery and transcripts once representation ended. Hollenbeck also claims retained counsel's ineffectiveness had a cumulative effect.

The State responds Hollenbeck failed to brief—and has therefore waived and abandoned—most of his claims against retained counsel. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issue not briefed deemed waived and abandoned); *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (point incidentally raised but not argued deemed waived or abandoned).

Outside of Hollenbeck's claim alleging failure to turn over discovery and transcripts, Hollenbeck merely asserts he "continues to urge this Court to find that [retained counsel] was ineffective for failure to effectively communicate with Mr. Hollenbeck, for failing to diligently represent Mr. Hollenbeck, and for failure to actively pursue defense strategies." Providing merely conclusory claims and no analysis or pertinent authority, Hollenbeck waives and abandons such issues on appeal. See *Arnett*,

307 Kan. at 650; *Russell*, 306 Kan. at 1089. The only claim we find properly presented to us is retained counsel's alleged failure to turn over discovery and transcripts.

For Hollenbeck to prevail on his remaining claim of ineffective assistance of counsel by retained counsel, Hollenbeck must establish (1) counsel's performance "was deficient under the totality of the circumstances, and (2) prejudice." *Salary*, 309 Kan. at 483. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. That is, a court need not "determine whether counsel's performance was deficient before examining the prejudice" suffered by the defendant as a result of the alleged deficiencies. *Edgar v. State*, 294 Kan. 828, 830, 283 P.3d 152 (2012).

Hollenbeck argues he was prejudiced because he could not pursue postconviction relief without first obtaining his discovery and transcripts. But Hollenbeck focuses on the ineffectiveness of counsel for failing to turn over documents by emphasizing the attorney's duty to do so under the KRPC without showing how counsel's failure establishes the prejudice prong of the analysis. Even if we were to assume, without deciding, counsel's conduct was deficient, Hollenbeck does not argue or show prejudice because of counsel's alleged conduct. With no establishment of prejudice, we decline to address the deficient performance component of the claim.

The State responds retained counsel represented Hollenbeck for only a short period of time and withdrew when Hollenbeck did not pay him for his services and their communication broke down. Hollenbeck's failure to pay resulted in the district court reappointing Hollenbeck's previous appointed counsel. The record reflects retained counsel was not Hollenbeck's counsel for the entire case, including the second preliminary hearing on the State's amended charges, the entry of plea, sentencing, the evidentiary hearing on Hollenbeck's motion to withdraw plea, or on direct appeal. We

8

cannot tell from the record what discovery and transcripts Hollenbeck sought from his retained counsel given his short involvement in the case and why those same records could not have been requested from the other custodians.

Moreover, during Hollenbeck's motion to withdraw plea hearing, the district court heard testimony from both counsel to determine whether Hollenbeck was represented by competent counsel as part of his motion to withdraw plea. The district court explained:

> "In pertinent part the Supreme Court says, in determining whether the defendant has shown good cause to permit the withdrawal of a plea, the district court should consider whether, one, the defendant was represented by competent counsel. And I see no issues whatsoever here by either attorney. In fact, I see excellence. I see, you know, really going above and beyond. I see attorneys making attempts and certainly [appointed counsel], the final attorney that was representing during this plea, taking steps to file motions, make sure all potential witnesses were interviewed, and numerous, numerous meetings at the jail by both attorneys, meetings with a private investigator present or at least available by phone. So I find no merit whatsoever to the first—that first factor.
> . . . .
> "And one thing the record can't show is just the demeanor of [appointed counsel], and for that matter of [retained counsel]. Both of them are very methodical, very articulate, but do so in [a] very controlled manner without ever raising their voices. They're just very effective but very demure in their presentation. They're not ones that are getting emotional, passionate and pounding their fists and that sort of thing."

Though both counsels' competency was assessed in Hollenbeck's presentence motion to withdraw plea, Hollenbeck's K.S.A. 60-1507 claim of ineffective assistance of his retained counsel does not necessarily become res judicata. See *State v. Aguilar*, 290 Kan. 506, 512-13, 231 P.3d 563 (2010) ("Although the *Edgar* factors permit counsel's competence or lack thereof to be one consideration when the [presentence] motion [to withdraw plea] is filed in the time period between conviction and sentencing, they should not be mechanically applied to demand that a defendant demonstrate ineffective

9

assistance arising to the level of a violation of the Sixth Amendment."). Under the facts of this case, we see no need to analyze whether res judicata applies. Hollenbeck's conclusory claims fail to establish retained counsel provided deficient representation or that Hollenbeck was prejudiced by not obtaining his case file from retained counsel given counsel's limited involvement in the case. The district court did not err in summarily denying Hollenbeck's K.S.A. 60-1507 motion with respect to retained counsel.

*Appointed Counsel*

Hollenbeck next alleges appointed counsel was ineffective for failing to investigate the details of his case and in failing to contact potential witnesses. He provides little, if any, explanation outside of his conclusory allegations; thus, the issue is waived and abandoned on appeal. See *Arnett*, 307 Kan. at 650. Even if we found this claim was not waived and abandoned, Hollenbeck's argument still fails.

During Hollenbeck's motion to withdraw plea hearing, appointed counsel testified he extensively investigated the case with the help of a special investigator who spoke with various witnesses from a list Hollenbeck provided. The district court found appointed counsel's testimony more credible than Hollenbeck's and determined counsel performed effectively in representing Hollenbeck. Again, while counsel's competency was considered under the *Edgar* factors during Hollenbeck's presentence motion to withdraw plea, the *Edgar* factors should not be mechanically applied to demand a defendant show ineffective assistance arising to the level of a Sixth Amendment violation. *Aguilar*, 290 Kan. at 512-513.

Still, Hollenbeck failed to establish appointed counsel's performance fell below an objectively reasonable standard or that he was prejudiced as a result of counsel's performance. At the motion to withdraw plea hearing, the district court explained:

"I'm convinced if we put the same—when faced with the same circumstances, go to trial, facing what the possible penalties are, take this plea agreement, I'm convinced Mr. Hollenbeck would make the same choice. It's just once the pressure's off, once you're not faced with I got to make this decision now, I mean, this is it, I've held onto this thing for months and months, but 5:00 [is] coming and then it's trial on Monday, he'd make the same exact decision."

Hollenbeck fails to establish appointed counsel provided deficient representation and, even if counsel's performance was deficient, Hollenbeck has not shown there is reasonable probability he would not have entered his plea had counsel done things differently. Hollenbeck may now have buyer's remorse, but he forgets the benefit his appointed counsel provided when he negotiated with the State to dismiss three other charges upon Hollenbeck's plea to one count of aggravated indecent liberties with a child.

The district court did not err in summarily denying Hollenbeck's K.S.A. 60-1507 motion.

Affirmed.

11